**Manjula DEVI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75695.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 18, 2006.

Kenneth Owen, Esq., Castro Valley, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Manjula Devi, a native and citizen of Fiji, petitions for review of an order of the Board of Immigration Appeals summarily affirming an immigration judge's order denying her applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Ochave v. INS*, 254 F.3d 859, 861–62 (9th Cir.2001), and we deny the petition for review.

The agency determined that Devi failed to demonstrate past persecution because she did not establish a nexus between the sexual attack and her Indian ethnicity, *see Ochave v. INS*, 254 F.3d at 865, or that the attack was committed by a group of youth "the [Fijian] government [was] unwilling or unable to control," *see Singh v. INS*, 94 F.3d 1353, 1359 (9th Cir.1996). Further, the agency determined that Devi failed to demonstrate a well-founded fear of future persecution because her claimed fear is undermined by evidence that Devi's mother and sister have not experienced any problems in Fiji since relocating, *see Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001), and Devi's claims of broad ethnic tension in Fiji are insufficient to establish a well-founded fear of persecution, *see*

*Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). Substantial evidence supports the agency's decision to deny asylum. *See Ochave v. INS*, 254 F.3d at 865.

Because Devi failed to prove eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Devi also failed to establish eligibility for CAT relief because she did not show it was more likely than not that she would be tortured if returned to Fiji. *See* 8 C.F.R. § 208.16(c)(2); *Singh v. Ashcroft*, 351 F.3d 435, 443 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

